IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHELLE K. IDEKR,           )
                             )
            Plaintiff,       )
                             )
vs.                          )   Case No. 10-0449-CV-W-ODS
                             )
PPG INDUSTRIES, INC., et al.,)
                             )
            Defendants.      )

ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY AND (2) GRANTING DEFENDANT HARLEY-DAVIDSON MOTOR COMPANY GROUP INC.'S MOTION TO DISMISS

Pending is a Motion to Dismiss filed by Defendant Harley-Davidson Motor Company Operations, Inc. ("Harley-Davidson"). Plaintiff has requested leave to file a Surreply to address cases she believes Harley-Davidson has misrepresented. Plaintiff's motion (Doc. # 23) is denied, and Harley-Davidson's motion (Doc. # 15) is granted.

I. BACKGROUND

According to her Complaint, Plaintiff was employed in Harley-Davidson's paint/coating department from 2001 to 2009. Complaint, ¶ 9. Her duties consisted of "apply[ing] various paints, coatings, and resins" manufactured by Defendants PPG Industries and Rohm and Has Company to motorcycle parts and accessories." Complaint, ¶¶ 16-17. These products allegedly contained benzene, Complaint, ¶ 18, and Plaintiff's "exposure to benzene-containing materials directly and proximately caused her to develop Non-Hodgkin's Lymphoma." Complaint, ¶ 21. Harley-Davidson is named only in Count IV, which alleges Harley-Davidson "failed to use due care under the circumstances and was thereby negligent in the performance of its duties to" Plaintiff. Complaint, ¶ 42. "As a direct and proximate result of Harley-Davidson's negligence and breach of duty, Plaintiff Michelle Idekr was exposed to benzene and benzene vapors and developed Non-Hodgkins Lymphoma." Complaint, ¶ 43.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Harley-Davidson contends the case must be dismissed because Plaintiff's claims are barred by the Missouri Workers' Compensation Law. Plaintiff argues (1) the issue cannot be raised in a motion to dismiss and (2) amendments to the Workers' Compensation Law clarify that her claim against Harley-Davidson is not covered. The Court disagrees with both points.[1]

Plaintiff contends Missouri courts would treat Harley-Davidson's arguments as an affirmative defense, and further contends that Missouri courts would not entertain a motion to dismiss based on an affirmative defense. Even if Plaintiff's characterization of

---

[1] The Court also denies Plaintiff's request to file a Surreply because the Court does not believe a Surreply is necessary to a full discussion of the issues.

Missouri law is correct (an issue the Court is not addressing), the peculiarities of Missouri procedure are not governing in federal court. Affirmative defenses may be raised pursuant to Rule 12(b)(6) and, if warranted, may justify dismissal of a claim. E.g., Jones v. Bock, 549 U.S. 199, 215 (2007).

Plaintiff's second argument is that the 2005 amendments to the Workers' Compensation Law eliminate "occupational diseases" from the law's scope, leaving employees who suffer from occupational diseases to pursue tort claims in court. Consideration of this issue is hampered by the paucity of opinions construing the 2005 amendments.[2] A federal court "is bound by decisions of the highest state court when interpreting state law. If the highest state court has not decided an issue we must attempt to predict how the highest court would resolve the issue, with decisions of intermediate state courts being persuasive authority." Progressive N. Ins. Co. v. McDonough, 608 F.3d 388, 390 (8th Cir. 2010) (citations omitted). In the absence of definitive guidance from the Missouri Supreme Court, the appropriate starting place – as it is in all cases involving statutory construction – is the language of the statute itself.

An "occupational disease is "an identifiable disease arising with or without human fault out of and in the course of the employment." Mo. Rev. Stat. § 287.067.1. The statute provides further clarification and excludes "[o]rdinary diseases of life," but Non-Hodgkins Lymphoma would qualify as an occupational disease if it arises out of and in the course of employment. Occupational diseases are "compensable only if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability." Id. § 287.067.2. Significantly, these provisions are identical to the provisions in place before the 2005 Amendments. Thus, there is no reason to conclude that the 2005 Amendments removed occupational diseases from the scope of the Workers' Compensation Law. To the contrary, section 287.110 was amended to declare that the Workers' Compensation Law "shall apply to all injuries received and occupational diseases contracted in this state" with certain types of employment

---

[2]The new amendments do not apply to injuries or diseases that arose before they were passed, so Plaintiff's argument fails in any event if Plaintiff's Non-Hodgkins Lymphoma arose before the 2005 amendments.

contracts excepted. Moreover, the Missouri Legislature amended other provisions – including the statute of limitations – relating to claims of occupational disease. If the Missouri Legislature intended to exclude occupational diseases, it would have removed – not amended – those provisions.

Plaintiff relies on section 287.120.1, which imposes liability on employers regardless of negligence "for personal injury or death of the employee by accident arising out of an in the course of the employee's conduct . . . ." She then contends there was no "accident" as defined in section 287.020.2 because now an accident must "produce[ ] . . . symptoms of an injury caused by a specific event *during a single work shift.*" Mo. Rev. Stat. § 287.020.2 (emphasis added). Plaintiff concludes that her Non-Hodgkin's Lymphoma was not caused in a single work shift, so there was no accident, so section 287.120.1 cannot apply. This argument does not account for the language (cited above) indicating that damages arising from occupational diseases are compensable under the Workers' Compensation Law. Second, before the 2005 amendments the Missouri Supreme Court recognized the seeming inconsistency between requiring an "accident" to trigger an "occupational disease" and essentially concluded that the Legislature's directive that "occupational diseases" were covered was controlling. Staples v. A.P. Green Fire Brick Co., 307 S.W.2d 457, 461-62 (Mo. 1957) (en banc). As the court explained, "[t]he legislature has enacted an amendment for the very purpose of authorizing employers and employees to elect to bring occupational disease claims and injuries under the Act . . . . [T]herefore, an injury has generally been recognized as present and existing in all compensable occupational disease cases." Id. at 462. Later, the court noted that "[i]t is almost unthinkable that the legislature would adopt the amendment in question without contemplating and intending that its previously enacted definitions be broadened to fit the necessities of occupational disease claims." Id; see also Marie v. Standard Steel Works, 319 S.W.2d 871, 875 (Mo. 1959) (en banc). Based on (1) the many provisions addressing occupational diseases, including provisions dictating that such claims fail within the Worker's Compensation Law's ambit, and (2) the Missouri Supreme Court's past approach and treatment of the occupational disease provisions as they relate to the terms "injury" and "accident," the

Court concludes the Missouri Supreme Court would hold that the 2005 amendments did not remove occupational diseases from the Worker's Compensation Law's scope.[3]

Plaintiff's final argument is that the pleadings do not establish that her exposure to benzene was the "prevailing factor" in causing her Non-Hodgkin's Lymphoma, as required by 287.067.2. This is a rather curious argument, as it contradicts not only the entire thesis of her lawsuit but also her allegations regarding causation. In any event, issues related to causation (as opposed to whether an employer/employee relationship existed) are committed to the Labor and Industrial Commission in the first instance. E.g., Harris v. Westin Mgt. Co. East, 230 S.W.3d 1, 3 (Mo. 2007) (en banc); Killian v. J&J Installers, Inc., 802 S.W.2d 158, 160-61 (Mo. 1991) (en banc).

### III. CONCLUSION

Plaintiff's allegation that Harley-Davidson is legally responsible for the occupational disease she incurred as a result of exposure to chemicals during and in the course of her employment asserts a claim that is covered by Missouri's Workers' Compensation Law. Therefore, she may not proceed on her claim in this forum and instead must assert her claim before the Labor and Industrial Commission. Plaintiff's claims against Harley-Davidson are dismissed without prejudice.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 18, 2011                UNITED STATES DISTRICT COURT

---

[3]The Missouri Supreme Court's decision in Missouri Alliance for Retired Americans v. Department of Labor & Industrial Relations does not dictate a different result. There, the court held that "[w]orkers excluded from the act by the narrower definition of 'accidental injury' have a right to bring suit under the common law, just as the could and did prior to the initial adoption of the act." 277 S.W.3d 670, 680 (Mo. 2009) (en banc). However, in the very next sentence the court cautioned that it was "not asked to decide what injuries fall within the definition of 'accident' in section 287.020.2 and, therefore, no opinion is expressed." Id.